UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.A.C.M.,

                              Petitioner,

        -against-

KENNETH GENALO, New York Field Office
Director for U.S. Immigration and Customs
Enforcement; PAUL ARTETA, Director of the
Orange County Correctional Facility;
MARKWAYNE MULLIN, Secretary of
Homeland Security; DAREN K MARGOLIN,
Director, Executive Office for Immigration
Review; and TODD BLANCHE, Acting
Attorney General of the United States,

                              Respondents.

**ORDER**
26 Civ. 04311 (ER)

EDGARDO RAMOS, United States District Judge:

J.A.C.M. filed a petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on

May 22, 2026.  On May 22, 2026, the Court ordered the Respondents to file a letter indicating,

*inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time

that the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the

authority to detain the Petitioner, and (3) whether there is any basis to distinguish this case from

this Court's decision in *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28,

2026).  Doc. 5.

Venue is proper, as the Petitioner was located in the Southern District of New York at the

time that the Petition was filed.  Doc 1 at 4.

The Respondents filed the response letter on June 1, 2026.  Doc. 12.  The Respondents

assert that ICE detained the Petitioner from "June 7, 2025 to January 20, 2026, and April 2, 2026

to present." *Id.* at 2.  The Respondents assert that ICE's basis for the Petitioner's detention from

June 7, 2025 to January 20, 2026 was 8 U.S.C. § 1226(c)(1)(E), based on the Petitioner's charges that were "treated as dismissed." *Id.*  The Respondents acknowledge that "several courts have held that § 1226(c)(1)(E) does not apply to dismissed charges." *Id.*  (citing *Rueda Torres v. Francis*, No. 25 Civ. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025)).

Regarding the Petitioner's detention from April 2, 2026 to present, the Respondents acknowledge that "there is no evidence in the record demonstrating that ICE conducted an individualized assessment of flight risk or danger." *Id.*  Thus, this case cannot be distinguished from *Cunha*, 2026 WL 1146044, and § 1226(a) is not an appropriate basis for the detention.  For the same detention period, the Respondents state that "ICE asserted that Petitioner's attempted burglary conviction satisfied § 1226(c)(1)(E)." *Id.*  8 U.S.C. § 1226(c)(1)(E) is not an appropriate basis for the Petitioner's detention because "the statute does not mandate detention for *attempted* offenses." *Rueda Torres*, 2025 WL 3168759, at *5.

The Court therefore GRANTS the Petition for the reasons set forth therein.

A bond redetermination hearing is only appropriate when there was an individualized determination to detain the noncitizen in the first place. *See Vizhco Chunchi v. Francis*, No. 25-CV-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. Jan. 30, 2026).

Therefore, the Petition is GRANTED and the Respondents are ORDERED to immediately release J.A.C.M. from custody and certify compliance with the Court's order by filing an entry on the docket no later than June 3, 2026, at 5 p.m.

2

SO ORDERED.

Dated:    June 2, 2026
          New York, New York

_____
EDGARDO RAMOS
United States District Judge

3